UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR329 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| YAZAN B. AL-MADANI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 20, 2016, the government filed an objection to a subpoena issued on behalf of defendant Yazan B. Al-Madani. (Doc. No. 106 (Objection); *see* Doc. No. 98 (Subpoena).) The subpoena directs non-party MetroHealth System to produce certain documents on or before December 23, 2016. It is undisputed that defendant did not seek leave of court prior to causing the subpoena to issue. The government objects to the subpoena on the ground that it fails to comply with the requirements of Rule 17(c).

In 2013, the Sixth Circuit touched upon a criminal defendant's right to utilize the subpoena power of the federal courts to compel the production of documents and other evidence for use at trial. *See United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013). While the matter was before the court for review of an order of sanctions against a defense attorney for an alleged misuse of the district court's subpoena power, the court took the opportunity to acknowledge the confusion surrounding the rule and the various interpretations that courts have applied to the rule over the years. *Id*. at 496-500 (collecting cases and noting the "clear markings of legal uncertainty" surrounding the rule and its "capacious" nature allowing for differing levels

of court oversight). Highlighting the fact that the rule "commits the task of supervising subpoenas to the sound discretion of [the district] courts," the court declined to provide controlling precedent concerning Rule 17(c) procedures. Instead, it determined that the "better course is to honor that grant of discretion" by permitting district courts to interpret the rule and determine how best to manage the subpoena process. *Id*. at 500.

Following the decision in *Llanez-Garcia*, this Court has addressed the mechanics of Rule 17(c), and the Court's role in the subpoena process, on two separate occasions. *See United States v. Farmer*, No. 1:14-cr-362, 2015 WL 1471965, at *2-3 (N.D. Ohio Mar. 31, 2015); *United States v. Jeremy A. Mack*, Case No. 1:13-cr-278, Doc. No. 26 (N.D. Ohio Sept. 10, 2013). In *Mack*, after examining the panoply of interpretations afforded to Rule 17(c), the Court determined that the language of the rule supported the conclusion that Rule 17(c) requires the requested documents to be produced in court in connection with a formal hearing, and, therefore, a subpoena that provided for document production away from the court—such as the defense attorney's office—and/or at a date and time far removed from any formal hearing in the case abused the court's subpoena powers. (*Id*., Doc. No. 26 at 140.) This Court explained:

> The Sixth Circuit has explicitly held that "a subpoena ad testificandum or a subpoena duces tecum [shall] be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at a formal proceeding." *United States v. Keen*, 509 F.2d 1273, 1275 (6th Cir. 1975); *see also United States v. Villa-Chaparro*, 115 F.3d 797, 804 (10th Cir. 1997); *United States v. Jenkins*, 895 F. Supp. 1389, 1396 (D. Haw. 1995) ("the court believes that Rule 17(c) requires applications for subpoenas requiring the production of documents prior to court proceedings"). A party cannot, for example, obtain blank trial subpoenas from the clerk and compel witnesses to attend interviews not in connection with a court proceeding and miles from the place of trial. *Keen*, 509 F.2d at 1275. This behavior undermines the court's role in monitoring the Rule 17(c) process. As another example, even though it authorized pretrial *ex parte* subpoena duces tecum applications, the *Vigil* court refused to permit production of documents at defense counsel's office. *United States v. Vigil*, No. CR 10-2310, 2013 WL 3270995, at *18 (D.N.M. June 3, 2013). Production of requested documents

> should occur at court. *Id*. at *21; *see also Jenkins*, 895 F. Supp. at 1394 (documents should not have been turned over directly to defense counsel, but to court).

(*Id*. at 140-41.)

The Court has reviewed the subpoena and finds that it does not comply with Rule 17(c), in particular the requirement that the subpoenaed material be sought in connection with a scheduled hearing or trial. While the subpoena satisfies Rule 17(c)'s requirement that the requested materials be produced at the courthouse, the date is not tied to any scheduled court hearing. The trial in this matter—set to begin on June 2, 2017—is more than five months away. The only proceeding scheduled anywhere near the December 23, 2016 date identified in the subpoena for production of the requested material is a January 17, 2017 conflicts hearing (originally scheduled for January 3, 2017) that does not concern defendant or his counsel. Accordingly, the government's objection is sustained, the Court hereby quashes the subpoena, and MetroHealth need not comply with the improperly issued subpoena. The Clerk is instructed to serve a copy of this Order on MetroHealth System at the address identified in Doc. No. 98.

**IT IS SO ORDERED**.

Dated: December 21, 2016

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**