# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-329 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| EDWARD R. HILLS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Yazan Al-Madani ("Al-Madani"), pursuant to Fed. R. Crim. P. 17(c), for an order to issue a subpoena duces tecum for documents and records to be utilized at sentencing. (Doc. No. 479 (Corrected Motion ["Mot."]).) The United States of America (the "government") opposes the motion. (Doc. No. 476 ["Opp'n"].) For the reasons that follow, the motion is DENIED.

On July 27, 2018, after a five-week jury trial, Al-Madani and three co-defendants were found guilty of multiple federal crimes associated with their employment as dentists at MetroHealth Hospital ("MetroHealth"), a public hospital receiving federal and state funding. Given the complexity and novelty of some of the issues surrounding sentencing, the Court agreed to bifurcate the process by first addressing issues common to all defendants in a joint sentencing hearing, and then by addressing individual sentencing issues for each defendant at a later date.

The Court conducted the joint sentencing hearing on February 11, 2019 and February 12, 2019, during which the Court permitted the parties to call witnesses, submit evidence, and offer

oral argument from counsel relative to all common sentencing issues. Among the many issues addressed at the joint hearing was the issue of defendants' use of flex-time at MetroHealth and the work schedules of dentists during the time-period of the charged public corruption schemes. Al-Madani's individual sentencing hearing is scheduled for May 2, 2019.

On March 19, 2019, Al-Madani filed a motion for a Rule 17(c) subpoena seeking records from MetroHealth. (Doc. No. 475.) He filed the present corrected motion on March 29, 2019. In his motion, he represents that on January 21, 2019, he submitted a public records request, pursuant to Ohio Rev. Code § 149.43, to MetroHealth System requesting in part "Employment contracts and FTE [full-time employee] status for all attending dentists at MetroHealth System from 2010 through 2018 including Dr. Loiy Alshami . . . ." (Mot. at 19849.) According to Al-Madani, he has yet to receive the requested documents from MetroHealth. He now seeks a subpoena to compel MetroHealth to produce the following documents:

> All emails between Dr. James Kozik, Dr. Alfred Connors, Dr. Henry Young, Mary Legerski and Kelly Andolek during the employment of Dr. James Kozik at the MetroHealth System in 2015.
>
> The MetroHealth System Collections v. Compensation Analysis Physicians and Non-Physician Providers reports 2015-2018.
>
> A list of all attending physicians and dentists that are 1.0 FTE and work less than 5 days per week for 2013-current in all MetroHealth Systems Departments, including the Departments of Express Care, Family Medicine and Internal Medicine.
>
> The employment contract of Dr. Loiy Alshami from 2015, his position action form in 2015, and any transmittal letter or records denoting when this information was forwarded to the United States Attorney's Office.

(Mot. at 19851.)

Notwithstanding the government's concession that Rule 17(c) has been employed in

2

certain post-trial contexts, the Court is not convinced that the rule is available to compel the production of documents for use at sentencing. *See United States v. Martin*, 141 F.3d 1152 (Table), 1998 WL 51206 (2d Cir. Feb. 10, 1998) (Rule 17(c) is "a discovery provision that relates solely to pretrial matters"); *United States v. Nix*, 251 F. Supp. 3d 555, 561 (W.D.N.Y. 2017) (the decision whether to allow a subpoena request for purposes of sentencing or a sentencing hearing is not made pursuant to Rule 17(c), but rather is "committed to the sound discretion of the trial court"); *United States v. Shrader*, No. 1:09-0270, 2010 WL 4781625, at *2 (S.D. W.Va. Nov. 16, 2010) (Rule 17(c), "as Courts have considered it, anticipates the production of information prior to trial, not sentencing"); *but see United States v. Wheeler*, No. 06-09, 2007 WL 9709920 (E.D. Ky. June 5, 2007) ("While traditionally Rule 17 subpoenas are issued prior to trial, such subpoenas may also be issued in connection with post-trial motions and sentencing.") (citing *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981)); *see also United States v. Reaves*, 194 F.3d 1315 (Table) (6th Cir. Oct. 5, 1999)[1] (finding district court did not abuse its discretion in denying Rule 17(b) motion to compel witness to testify at sentencing hearing).

However, even if Rule 17(c) is available to compel the production of documents prior to sentencing, the Court finds that Al-Madani has not made the showing necessary to entitle him to such relief. In *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974), the Supreme Court required parties moving for a pretrial subpoena duces tecum in a criminal matter to show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the

---

[1] The Sixth Circuit did not discuss Rule 17(c) or the use of Rule 17(c) for a subpoena in the context of sentencing.

parties cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition."[2] The Supreme Court has explained the test as requiring the party seeking production to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id*. at 700.[3]

Al-Madani has failed to demonstrate that he meets the *Nixon* test. First, the Court finds that the requests seek irrelevant material. Whether MetroHealth permitted other dentists and physicians to work a flexible schedule is irrelevant to the question of Al-Madani's culpability for using flex-time to corruptly profit at the expense of the hospital. It is well settled that the fact that a practice is widespread or customary is simply not a defense to criminal conduct. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir. 1998) ("Even a universal industry practice may still be fraudulent."); *United States v. Brookshire*, 514 F.2d 786, 788-89 (10th Cir. 1975) ("[C]ustom and usage involving criminality do not defeat a prosecution for violation of a federal criminal statute."); *Burnett v. United States*, 222 F.2d 426, 427 (6th Cir. 1955) (per curium) ("No custom is a justifiable defense for violation of the criminal code of the United States.") Accordingly, the requested information is irrelevant. *See, e.g., United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (witness testimony that other individuals were allowed to use tribal funds to pay for personal transportation expenses was irrelevant).

---

[2] Courts that have applied the *Nixon* test to post-trial motions have modified it by requiring the moving party to show: "(1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general fishing expedition." *Winner*, 641 F.2d at 833.

[3] The fact that the subpoena is to be issued to a third-party does not change the analysis. *See, e.g., United States v. Al-Amin*, No. 1:12-cr-50, 2013 WL 3865079, at *8 (E.D. Tenn. July 25, 2013) (applying *Nixon* to supplying subpoena to third-party).

Such a consideration would be especially irrelevant given the fact that Al-Madani seeks documents relating to employment practices *after* co-defendant Edward Hills left the administration at MetroHealth. A focal point of the trial was the fact that Hills used his position and influence as a member of senior management of MetroHealth to benefit himself, his co-defendants, including Al-Madani, and others. How MetroHealth treated dentists and physicians after the conclusion of the corrupt racketeering scheme charged in the present case is simply irrelevant to any aspect of sentencing relating to Al-Madani and his co-defendants.

To the extent that any of the documents Al-Madani seeks are relevant, they would also be cumulative and, therefore, are not necessary to permit Al-Madani to adequately prepare for sentencing. There was considerable testimony at trial regarding the ability of doctors and dentists to work flexible schedules and engage in outside employment. Dr. Al-Shami testified as to his full-time position as an attending dentist at trial, including his full disclosure to the Hospital before seeking secondary employment. Alfred Connors, former MetroHealth Chief Medical Officer, Hussein El-Rawy, Firas Yacoub, and Stacey Kime were among the many witnesses who testified to the work schedule for dentists at MetroHealth.[4] Al-Madani and his co-defendants were afforded liberal opportunity to explore the issue with these witnesses on cross-examination.

There was also testimony on this very subject at the joint sentencing hearing.[5] Al-Madani's co-defendant, Hills, called Branden Patterson, a surgeon and former employee of

---

[4]Two of the areas for which Al-Madani seeks additional information involve Connors and Al-Shami. With respect to the 2015 employment contract for Al-Shami, the Court notes that any comparison with Al-Madani's employment would be of limited value at sentencing. Al-Shami testified that he started working at Angel Dental *after* Hills left MetroHealth, and that he fully disclosed his employment status to MetroHealth—two facts that distinguish his situation from that of Al-Madani's. Indeed, it is likely that any employment contract from 2015, after the conclusion of the corrupt racketeering scheme, would not inform the Court as to any issues relative to sentencing.

[5] Additionally, there was evidence offered by defendants on the collections versus compensation analysis, the subject of Al-Madani's second document request. (*See* Alqsous Sentencing Ex. 17.)

MetroHealth, who testified at length to issues such as the FTE designations for physicians. Counsel for Al-Madani had the opportunity to, and did, cross-examine Patterson on these issues. Because the information he seeks would be cumulative of the evidence offered at trial and at sentencing, Al-Madani is not entitled to employ Rule 17(c) to further explore issues for which there is already considerable evidence in the record.

Finally, the Court finds that Al-Madani has failed to exercise due diligence in attempting to acquire the information he now seeks by way of a Rule 17(c) subpoena. Issues relating to the FTE status of defendants and their respective work schedule have been known to Al-Madani since before trial. Yet Al-Madani did not submit his public records request to MetroHealth until the end of January 2019, and he did not file the present motion until after the conclusion of the joint sentencing hearing when all shared sentencing issues were to be addressed. The Court will not reward Al-Madani by permitting this belated request on the eve of his individual sentencing hearing. *See, e.g., United States v. Wheeler*, No. 06-09, 2007 WL 9709920, at *2 (E.D. Ky. June 5, 2007) (motion for post-trial Rule 17 subpoena to bank for checks underlying FBI forensic report where defendant had ample notice and did not timely seek such information). Moreover, Al-Madani is on notice that the Court will not permit him to revisit issues that have already been addressed in depth at the joint sentencing hearing.

Given the fact that the information sought by Al-Madani is neither relevant nor necessary for preparation for sentencing, the Court must conclude that the proposed subpoena is, at best, being pursued to obtain discovery, or, at worst, part of an eleventh hour fishing expedition.

Either way, Rule 17(c) is not available to facilitate production of this information, and his motion is DENIED.

**IT IS SO ORDERED**.

Dated: April 26, 2019

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**