# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-329-3 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| YAZAN B. AL-MADANI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 24, 2019, defendant Yazan B. Al-Madani ("Al-Madani" or "defendant") was sentenced to a custody term of 121 months, following a five-week jury trial in which Al-Madani and three co-defendants were convicted of multiple counts of conspiracy and substantive fraud crimes associated with their involvement in a multi-year, multi-faceted and sophisticated fraudulent scheme wherein the participants received kickbacks and other unlawful renumeration in connection with their employment as dentists at a public hospital. (Doc. No. 519 (Judgment); *see* Minutes of Proceedings [non-document], 5/24/2019; *see also* Doc. No. 339 (Al-Madani Jury Verdicts).) Now before the Court is Al-Madani's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 707 (Motion).) Appointed counsel filed a notice of intent not to supplement Al-Madani's *pro se* motion (Doc. No. 711 (Notice)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 712 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on

a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Al-Madani asks the Court to reduce his sentence under Amendment 821, suggesting that he qualifies for a sentence reduction as a "zero point offender." (*See* Doc. No. 707, at 2, 7.) Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[1] U.S.S.G. § 4C1.1. The Amendment, effective November 1, 2023, was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) and (e)(2). The government opposes the motion on the grounds that Al-Madani is not eligible for relief under Part B. (*See* Doc. No. 712, at 1, 6.)

At the time of sentencing, the Court determined defendant's base offense level to be 14. (*See* Doc. No. 607 (Transcript from Sentencing Hearing), at 14, 139.) A 14-level increase was applied because the loss attributable to defendant was more than $550,000.00. (*See id.* at 108, 139; *see also* Doc. No. 444 (Final PSR), at 13 ¶ 52.) Additional adjustments included: (1) a 2-level

---

[1] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

increase, pursuant to U.S.S.G. § 2C1.1(a)(1), because more than one bribe was taken; (2) a 4-level increase, pursuant to U.S.S.G. § 2C1.1(b)(3), because the offenses involved a public official in high-level decision-making position; and (3) a 2-level increase, pursuant to U.S.S.G. § 3C1.1, because defendant engaged in obstruction of justice. (*See* Doc. No. 607, at 109, 138–40; *see also* Doc. No. 444, at 13 ¶¶ 51–53, 56.) With the adjustments, the total offense level was 36. (*See* Doc. No. 607, at 139.) Al-Madani had no prior criminal record and, therefore, he was a criminal history category I. (*See also* Doc. No. 444, at 14 ¶¶ 64–65.) At an at offense level of 36 and a criminal history category I, his advisory guideline sentencing range was 188 to 235 months. (*See* Doc. No. 607, at 139–40.) After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court varied downward 4 levels to an offense level 32, and the Court sentenced Al-Madani to a below-guidelines custody term of 121 months. . (Doc. Nos. 607, at 222, 227–28 and 519; *see generally* Doc. No. 521 (Statement of Reasons).)

Even though Al-Madani was assessed zero criminal history points at sentencing, and none of the other exceptions outlined in U.S.S.G. § 4C1.1(a) apply to him, he is ineligible for relief under the Amendment. Applying Part B, Al-Madani's offense level would be reduced to 34. With an offense level of 34, and a criminal history category of I, Al-Madani's amended advisory guidelines range is 151 to 188 months. His current custodial sentence of 121 months, however, is below the low-end of the amended range.

Generally, courts are not permitted to impose a modified sentence below the low-end of the amended guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon*, 560 U.S. at 827 ("Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.'" (quoting

3

U.S.S.G. § 1B1.10(b)(2)); *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014) (holding that reducing a sentence below the low-end of the amended guidelines range "is improper"). The only exception to this general rule is where the previous below-guidelines sentence was the result of a departure for substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B). This was not the case here. (*See* Doc. No. 521, at 2–3.) As the Court made clear at sentencing, its variance was based on a consideration of the sentencing factors under § 3553(a). (*Id.*; *see* Doc. No. 607, at 227–28.) The Court did not, as Al-Madani now seems to suggest, depart downward for any reason at sentencing. (*See* Doc. No. 707, at 3, *see, e.g.*, Doc. No. 607, at 128, 130, 138–39, 222.)

Accordingly, the Court finds that Al-Madani is not entitled to a reduced sentence under Part B of Amendment 821.[2] Because he is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 707) is DENIED.

**IT IS SO ORDERED**.

Dated: May 15, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[2] Even if Al-Madani did qualify for an Amendment 821 reduction, after analyzing the sentencing factors in 18 U.S.C. § 3553(a), the Court would still impose the same below guideline sentence and not vary downward any further.