# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:16-cr-329-3 |
| ) | |
| PLAINTIFF, ) | CHIEF JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | OPINION AND ORDER |
| YAZAN AL-MADANI, ) | |
| ) | |
| DEFENDANT. ) | |

Presently before the Court are two motions filed by defendant Yazan Al-Madani ("Al-Madani"): (1) a motion for leave to conduct limited discovery (Doc. No. 733), and (2) a motion for an extension of time in which to file a reply (Doc. No. 735) in support of his motion to vacate, set aside, or correct his sentence. For the reasons that follow, both motions are denied.

On January 10, 2024, Al-Madani filed his motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Doc. No. 694 (§ 2255 Motion).) In his motion, Al-Madani raises claims of due process and ineffective assistance of counsel. Since the filing of the § 2255 motion, the Court has, at the parties' requests, granted numerous extensions of the briefing schedule. (*See* Order [non-document], 1/12/2024; Order [non-document], 3/1/24; Order [non-document], 4/22/2024; Order [non-document], 6/3/2024; Order [non-document], 6/12/2024; Order [non-document], 7/19/2024.) In the present motions, Al-Madani seeks leave to procure an affidavit from

his trial counsel, Richard Drucker, and seeks a fourth[1] extension of the deadline for filing a reply brief so that he can include the affidavit with his reply.

There is no automatic right to discovery in connection with the preparation of a § 2255 motion. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quotation marks omitted)). Pursuant to Rule 6, which accompanies § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. Rule 6, 28 U.S.C. foll. § 2255; *Stanford*, 266 F.3d at 460. Specifically, Rule 6(a) provides, in relevant part, that: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure, or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), 28 U.S.C. § 2255. Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only "where specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)). The burden of demonstrating the materiality of the information sought is on the moving party. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 809, 813–15 (5th Cir. 2000)).

In his discovery motion, Al-Madani notes that his § 2255 motion references "numerous outside the record representations regarding conversations he had with counsel. These conversations Al-Madani alleges played a pivotal role in his decision to proceed to trial." (Doc.

---

[1] Though styled "Defendant's Third Motion for Extension of Time to File Reply to Response in Opposition to 28 U.S.C. § 2255 Motion" (Doc. No. 735, at 1), the motion represents Al-Madani's fourth request for an extension of the deadline to file a reply in support of his motion to vacate. (*See* Doc. Nos. 709, 718, 727.)

No. 733, at 1.) In particular, he maintains that "[i]t is believed that if permitted to conduct limited discovery, [Attorney] Drucker would swear under oath that Al-Madani was not properly advised and consulted during the pre-trial phase." (*Id*. at 2.)

Though it is not entire clear from the present discovery motion, the Court presumes that Al-Madani is referring to the representations he made in his § 2255 motion regarding the nature of his pre-trial discussions with counsel regarding a possible guilty plea and a purported last-minute plea offer from the government. On June 21, 2018, the Court conducted a thorough pre-trial colloquy with Al-Madani, wherein it inquired into whether he had received any plea offers from the government and whether he had been given sufficient time to discuss any such offers with counsel. (Doc. No. 391 (Trial Transcript), at 17–25, 28–35.) In his motion to vacate, Al-Madani now claims that following this colloquy, his counsel received another plea offer, a fact which he claims defense counsel put on the record. (Doc. No. 706 (Memorandum in Support), at 4–5.)

Without deciding the underlying question of whether Al-Madani received effective assistance from his counsel, the Court denies the motion for discovery. Al-Madani's representations regarding the deficiencies in his counsel's pre-trial discussions with him regarding a possible plea agreement are belied by the record where both Al-Madani and his counsel stated in court that they had discussed the matter at length and that Al-Madani was making a well informed decision to proceed to trial. Additionally, there is no evidence that Attorney Drucker referenced on the record that his client had received a post-colloquy plea offer from the government. Accordingly, Al-Madani has failed to demonstrate his right to discovery in this habeas proceeding.

Because he is not entitled to discovery, Al-Madani's motion requesting a further delay in the briefing schedule so that he can conduct discovery is also denied. Nevertheless, the Court will grant Al-Madani leave until August 30, 2024 to file a reply.

**IT IS SO ORDERED**.

Dated: August 16, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**