UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-cr-329-3 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| YAZAN B. AL-MADANI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 15, 2024, the Court entered an order denying the motion of defendant Yazan B. Al-Madani ("Al-Madani") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 713; *see* Doc. No. 707 (Motion to Reduce Sentence).) In its ruling, the Court determined that Al-Madani was not eligible for relief under Amendment 821, Part B, relating to "zero point" offenders. (Doc. No. 713, at 3.) Even though Al-Madani was assessed zero criminal history points at sentencing, and none of the exceptions outlined in U.S.S.G. § 4C1.1(a) applied to him, the Court concluded that Al-Madani was not entitled to a sentence reduction because his amended advisory sentencing guidelines range—151 to 188 months—was still above the 121-month custodial sentence imposed by the Court. (*Id.*)

Al-Madani now seeks reconsideration of that order. (Doc. No. 721 (Motion for Reconsideration).) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 722 (Response).) In support of his motion, Al-Madani argues that the

Court's ruling has resulted in a manifest injustice because the Court failed to consider the need to avoid unwarranted sentencing disparities. (Doc. No. 721, at 1–2.) As the government aptly observes, however, because Al-Madani was not eligible for relief under Amendment 821, Part B, the Court was not required (or permitted) to reach the second step in the analysis and consider whether a reduction under the Amendment was warranted based on any of the sentencing factors set forth in 18 U.S.C. § 3553(a), including the consideration of possible sentencing disparities. *See Dillon v. United States*, 560 U.S. 817, 826–27, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (discussing the two-step analysis and noting that "[a] court must first determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)" (citing § 3582(c)(2))).

Accordingly, Al-Madani's motion for reconsideration (Doc. No. 721) is denied.

**IT IS SO ORDERED**.

Dated: September 23, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**