UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-cr-329-3 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| YAZAN AL-MADANI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On July 27, 2018, after a five-week trial, a jury returned multiple guilty verdicts against defendant Yazan Al-Madani ("Al-Madani") and his three co-defendants relating to a criminal conspiracy involving their employment as dentists at MetroHealth Hospital, a public hospital receiving federal and state funding. (*See* Doc. No. 339 (Al-Madani Verdicts).) AUSA Om Kakani served as lead counsel for plaintiff United States of America (the "government") throughout the pre-trial and trial proceedings and was actively involved in post-trial motion practice.

On January 10, 2024, Al-Madani filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 694.) After reviewing the parties' briefing on the § 2255 motion, the Court set the matter for an evidentiary hearing and appointed counsel for Al-Madani. (CJA 20 Appointment of Attorney J. Reid Yoder, 9/3/2024; Order [non-document], 9/5/2024.) On December 2, 2024, the government filed a notice advising that AUSA Kakani has been granted a limited authorization, pursuant to 28 C.F.R. § 16.22(a), to testify and disclose official Department of Justice information at the evidentiary hearing on Al-Madani's motion to vacate. (Doc. No. 750

(Notice of Authorization to Testify and Motion for Dual Role as Witness-Advocate); Doc. No. 751 (Amended Notice); *see* Doc. No. 751-1 (Signed Letter of Authorization).) In the notice, the government has requested that the Court "allow AUSA Kakani to act as both a witness and an advocate at the evidentiary hearing under Ohio Rule of Professional Conduct 3.7[.]" (Doc. No. 750, at 1.) Al-Madani has not filed a response to the notice or otherwise indicated that he seeks disqualification of AUSA Kakani as counsel for the government in this matter should he testify as a witness at the evidentiary hearing.

Rule 3.7(a) provides that no lawyer shall "act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:"

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work *substantial* hardship on the client.

Ohio R. Prof. Resp. 3.7 (emphasis in original). The United States District Court for the Northern District of Ohio has adopted the Ohio Rules of Professional Conduct, and these rules apply in both civil and criminal cases. *See* L. Civ. R. 83.7(a) and L. Cr. R. 57.7(a).

For several reasons, the Court finds that it may permit AUSA Kakani to participate as both advocate and witness in the evidentiary hearing without running afoul of Rule 3.7. First, as the government correctly observes, the plain text of the rule makes clear that it only applies in the context of "a trial[.]" Unlike a jury trial, in the post-conviction context, the Court (and not the jury) serves as the fact-finder. There is, therefore, little or no concern here that the trier of fact will be confused by the dual roles of the attorney-witness. *See* Ohio R. Prof. R. 3.7 (Official Comment, ¶ 2) (noting that the possible confusion of the trier of fact is a primary consideration behind the rule);

2

*see also United States v. Johnston*, 690 F.2d 638, 646 (7th Cir. 1982) (district court erred in refusing to permit AUSA to testify in pretrial suppression hearing relating to whether defendant had been promised immunity from prosecution). Accordingly, Rule 3.7 is not implicated by the government's notice.

Second, even if Rule 3.7 applied, the exception permitting testimony relating to the "nature and value of legal services" would allow for AUSA Kakani's dual role participation during the evidentiary hearing. Ohio R. Prof. R. 3.7(a)(2). The focus of the upcoming hearing is Al-Madani's claim that he received ineffective assistance from counsel during plea negotiations. (Doc. No. 694, at 4 (Ground One).) Specifically, Al-Madani claims that he received constitutionally deficient advice from his trial counsel regarding a plea offer that the government extended on the eve of trial. (Doc. No. 706 (Memorandum in Support), at 5.) The government denies that any such eleventh-hour plea offer was ever given to Al-Madani, and that, in any event, Al-Madani cannot establish that he received ineffective assistance from his trial counsel regarding this or any possible plea deal. (Doc. No. 716 (Response), at 7.) As lead counsel for the government, AUSA Kakani was deeply involved in the plea discussions and was responsible for seeking authorization for any possible deals. (Doc. No. 750, at 3; Doc. No. 391 (Trial Transcript), at 17–24.) His anticipated hearing testimony will address the nature of the legal services provided during the plea negotiations, including the existence of any last-minute plea offer, and comfortably falls within Rule 3.7(a)(2)'s exception.

Third, the Court finds that the disqualification of AUSA Kakani would work a *substantial* hardship on the government, given AUSA Kakani's considerable role as lead counsel at trial and in post-conviction proceedings in this extremely complex case. *See* Ohio R. Prof. R. 3.7(a)(3).

Such a disadvantage would be especially unfair in light of the fact that Al-Madani placed the nature of the alleged eleventh-hour plea negotiations at issue in his § 2255 motion, requiring the government's counsel to provide testimony regarding the unfolding of these events. *See, e.g., Johnston*, 690 F.2d at 646 (underscoring that it was the defendant who placed the content of the unrecorded telephone call with the AUSA at issue). Under these circumstances, the Court finds that dual advocate-witness participation is necessary to avoid substantial hardship to the government.

For the foregoing reasons, the government's motion, as amended, for AUSA Kakani to occupy the dual role of witness-advocate at the evidentiary hearing (Doc. Nos. 750, 751) is granted.

**IT IS SO ORDERED**.

Dated: December 9, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**